### Lucy M. Stubbs *et al. vs.* William J. McGair.

JANUARY 5, 1959.

Present: Roberts, Paolino and Powers, JJ.

ROBERTS, J. This is a petition for a writ of sequestration. Following the issuance thereof by a justice of the superior court the respondent filed a motion to quash the writ. After a hearing thereon the motion was granted and an order was entered quashing the writ. The cause is before us on the petitioners' appeal from that order.

It appears from the record that respondent was the administrator of the estate of Lucy M. Bishop, now deceased. It further appears that he was the guardian of the estate of Mabel L. Whitmarsh, now deceased, who was the sole heir-at-law of Lucy M. Bishop. Mabel L. Whitmarsh survived Lucy M. Bishop. The respondent has filed his account in each of the above-mentioned estates, and in each case the

account was allowed by the probate court of the city of Cranston.

The petitioners for the writ, Carol Ann Whitmarsh and Lucy May Stubbs, hereinafter referred to as the petitioners, have in their own behalf claimed an appeal from the decree of the probate court allowing respondent's account in each case. They have also entered their appearance in an appeal taken by Mabel L. Whitmarsh during her lifetime from the account filed by respondent as guardian of the estate of Mabel L. Whitmarsh.

In their petition for the writ petitioners aver the facts above set out and then in paragraph 7 thereof state:

> "In the aforesaid three probate appeals your petitioners have alleged that aforesaid McGair, severally as guardian and administrator, should be charged with approximately $9,000. over and above that sum which he admitted chargeable to him in his several accountings. The basis of your petitioners claim against said McGair arise out of allegations that he breached his fiduciary duties to the estates under his control and negligently and intentionally waived valuable rights properly belonging to the estates under his control and which would inure to the benefit of your petitioners, the heirs thereof."

The petitioners further aver in substance that respondent is the owner of a joint interest in a described parcel of real estate located in the city of Cranston; that he intends to convey his interest in that property; and that if he conveys such interest and is thereafter charged to the extent of the amount prayed in any of the appeals pending he "would be without any property, real or personal, or sureties sufficient to satisfy any final decree to the benefit of your petitioners."

The petitioners argue that the action of the trial justice in granting the motion to quash the writ was error, because a court of equity has the power to issue a writ of sequestration even in the absence of a statute specifically author-

izing such a writ and that, since equity has this power, the writ should not have been quashed.

The actions in aid of which the writ is sought are probate appeals. The respondent is a party to those actions in his official position as administrator of an estate. The relief sought is the disallowance of the account filed by respondent as such administrator. In this situation petitioners have sequestered real property owned by respondent individually and which has no connection whatever with the estate in which the appeals are pending. In our opinion the writ of sequestration was properly quashed.

We recognize that in appropriate circumstances a court of equity has inherent power to issue a writ of sequestration for the purpose of conserving property pending the outcome of certain types of litigation. *Ippolito* v. *Ippolito*, 3 N.J. 561; 79 C.J.S., Sequestration, §2, p. 1047. However, the petition in the instant case does not present circumstances which would justify the issuance of the writ herein. It is basic that a court may not sequester property to be applied upon a money demand which is neither secured by a lien nor reduced to a judgment. 116 A.L.R. 271. In this case there is no lien on the property, petitioners have no judgment, and furthermore, they do not even suggest any claim of right in the property sought to be sequestered. This defect alone is sufficient to defeat the writ and to justify the granting of the motion to quash. On the view which we have taken it is unnecessary to consider the additional grounds which are urged in support of the quashing of the writ herein.

The petitioners' appeal is denied and dismissed, the order of the superior court quashing the writ is affirmed, and the cause is remanded to the superior court.

*Aram K. Berberian,* for petitioners.

*Frank G. Shea,* for respondent.